IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CITY OF ALBUQUERQUE,
a New Mexico municipal corporation,

        Plaintiff/Counterclaim Defendant,

vs.                       CIV-_____

COMMUNITY OPTIONS, INC.,
a New Mexico Non-profit corporation, and
CAREER SERVICES FOR PERSONS WITH DISABILITIES, INC.,
a New Mexico Non-profit corporation,

**CIV 01 0275**

        Defendants/Counterclaimants/Third-Party Plaintiffs,

**WILLIAM W. DEATON**

vs.

GERALD ORTIZ y PINO,

        Third-Party Defendant.

## PETITION FOR REMOVAL

Plaintiff/Counterclaim Defendant City of Albuquerque ("City") states for its Petition:

1.     On September 6, 2000, the above-entitled action was commenced against Community Options, Inc., and on November 20, 2000, the above-entitled action was commenced against Career Services for Persons with Disabilities, Inc., in the Second Judicial District Court for the County of Bernalillo, State of New Mexico and is now pending in that Court as Cause No. CV. 2000-08847. A copy of both Complaints are attached as Exhibit "A" (without exhibits).

2.     On September 7, 2000, Community Options, Inc. was served with Summons and Complaint filed in the above-entitled action.

3.      On January 9, 2001, Steven Granberg, accepted service on behalf of Community Options, Inc. and Career Services for Persons with Disabilities, Inc. (hereinafter "Defendants").

4.      On February 9, 2001, Defendants filed a Counterclaim against the City and a Third-Party Complaint against Gerald Ortiz y Pino.  A copy of the Answer to First Amended Verified Complaint for Money Due on Contract, Counterclaim, and Third-Party Complaint ("Counterclaim/Third-Party Complaint") is attached as Exhibit "B."

5.      No further proceedings have occurred in the action pending in State court.

6.      Defendants (now "Defendants/Counterclaimants/Third-Party Plaintiffs") in their Counterclaim/Third-Party Complaint allege the City and Mr. Ortiz y Pino violated their federal constitutional rights.

7.      Defendants/Counterclaimants/Third-Party Plaintiffs' Counterclaim/Third-Party Complaint raises federal claims under 42 U.S.C.§1983 and 28 U.S.C. §1343.

8.      This Court has the original jurisdiction of the above-entitled action pursuant to 42 U.S.C.§1983 and 28 U.S.C. §1343, and the action may therefore be removed to the United States District Court pursuant to 28 U.S.C. §1441.

9.      All pleadings served on Plaintiff/Counterclaim Defendant in this cause are attached as exhibits to this petition.

10.     This petition is filed in this Court within 30 days after service on the City of the Counterclaim/Third-Party Complaint in the above-entitled cause.

11.     Notice of the filing of this Petition along with a copy hereof will be promptly given to the Second Judicial District Court for the County of Bernalillo, State of New Mexico by filing the notice and a copy hereof with the clerk of that Court.

WHEREFORE, the City respectfully requests that this Petition be granted, that the above-entitled action be removed from the Second Judicial District Court for the County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

**CITY OF ALBUQUERQUE**
Robert M. White, Esq.
City Attorney

Randy M. Autio
Gregory S. Wheeler
Assistant City Attorneys
PO Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500

I hereby certify that a true copy of the foregoing pleading was mailed to:

Steven Granberg
Attorney at Law
1400 Central SE, Suite 3300
Albuquerque, New Mexico 87106-4811
(505) 244-3779

this _9th_ day of March, 2001.

Randy M. Autio

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

Case No.          CV- 2000 0 8 8 4 7

CITY OF ALBUQUERQUE,
a Municipal Corporation,

       Plaintiff,

vs.

COMMUNITY OPTIONS, INC.
a New Mexico Non-profit Corporation,

       Defendant.

ENDORSED
FILED IN MY OFFICE THIS

SEP 0 6 2000

CLERK DISTRICT COURT

MONICA GARCIA

## VERIFIED COMPLAINT FOR MONEY DUE ON CONTRACT

Plaintiff, the City of Albuquerque ("City"), by and through its Deputy City Attorney, Edward R. Pearson, for its cause of action states that:

1.    Plaintiff City is a municipal corporation, duly incorporated under the laws of the State of New Mexico and situated in Bernalillo County, New Mexico.

2.    On information and belief, Defendant, Community Options, Inc., is a non-profit corporation duly incorporated under the laws of the State of New Mexico and doing business in Bernalillo County, New Mexico.

3.    On October 3, 1997, Career Services For Persons With Disabilities ("Career Services") entered into an Agreement with the City to provide certain social services under the Job Training Partnership Act of 1982 ("JTPA"). A copy of the Agreement is attached to this Complaint as Exhibit A.

4.    Paragraph 15.B. of the Agreement provides that Career Services will


EXHIBIT
A

be liable to the City for JTPA funds not spent in accordance with the terms of the Agreement.

5.   Pursuant to Paragraph 13.G.3. of the Agreement, the City performed an audit of the expenditure of JTPA funds by Career Services under the Agreement and disallowed certain costs that Career Services incurred in the program. As a result of the audit, the City issued a Letter of Final Determination of Disallowed Costs and Administrative Findings.

6.   Career Services appealed the Letter of Final Determination of Disallowed Costs and Administrative Findings to an administrative hearing officer.

7.   As a result of the decision of the administrative hearing officer, on September 27, 1999, the City issued an Amended Letter of Final Determination, which is attached to this Complaint as Exhibit B.

8.   Career Services appealed the decision of the administrative hearing officer to the Secretary ("Secretary") of the Department of Labor of the State of New Mexico.

9.   On December 10, 1999, the Secretary affirmed the decision of the administrative hearing officer. A copy of the decision of the Secretary is attached to this Complaint as Exhibit C.

10.   On January 14, 2000, pursuant to the decision of the Secretary, the City issued its Letter of Final Determination of Audit Findings, which is attached to this Complaint as Exhibit D.

11.   The Final Determination of Audit Findings established that Career Services is indebted to the City for disallowed costs under the Agreement in the

sum of $45,455.

12.   Pursuant to OMB Circular No. A-129 the indebtedness accrues interest from September 27, 1999, the date of the City's Amended Letter of Final Determination,  at the rate of 5.26% per year or $6.55 per day until paid.

13.   Pursuant to Paragraph 15.G. of the Agreement, Career Services is obligated to pay the City all costs and expenses, including reasonable attorney's fees incurred by the City in exercising it remedies in connection with enforcement of the Agreement.

14.   Upon information and belief, Defendant acquired all of the assets of Career Services.

15.   Upon information and belief, Defendant assumed and agreed to pay all of the debts of Career Services, including the debt to the City under the Agreement.

16.   Although demand has been made upon Defendant for payment of the amount due to the City, Defendant has failed and refused and continues to fail and refuse to pay the amount due.

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

A.   For $45,455, plus interest pursuant to OMB Circular No. A-129 at the rate of 5.26% per year until paid in full;

B.   For its costs incurred;

C.   For reasonable attorney's; and

D.   For such other relief as the Court deems just and proper.

Respectfully submitted,

CITY OF ALBUQUERQUE
Robert M. White, Esq.
City Attorney

Edward R. Pearson
Deputy City Attorney
P. O. Box 2248
Albuquerque, NM  87103-2248
(505) 768-4500
(505) 768-4525 (fax)

## AFFIDAVIT AND VERIFICATION

STATE OF NEW MEXICO      )
                                     )   ss.

COUNTY OF BERNALILLO     )

       Michael Passi, being first duly sworn, upon oath, deposes and says:

       1.      I am employed by the City of Albuquerque in the position of Assistant Director for its Family and Community Services Department.

       2.      I am familiar with the terms and conditions contained in the Agreement, dated October 3, 1997, between the City of Albuquerque and Career Services For Persons With Disabilities to provide certain social services under the Job Training Partnership Act of 1982.

       3.      I am familiar with the terms and conditions contained in the Letter of Final Determination of Disallowed Costs, dated January 14, 2000.

       4.      I am familiar with the terms and conditions contained in the Amended Letter of Final Determination, dated September 27, 1999.

       5.      I have read over, know and understand the contents of the foregoing Complaint for Money Due on Contract, and the statements therein are true of my own knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT.

                                     MICHAEL PASSI

       SUBSCRIBED AND SWORN TO BEFORE ME THIS 30 day of August, 2000, by Michael Passi.

                                 NOTARY PUBLIC

My Commission Expires:
12/28/03



OFFICIAL SEAL
Marie Chavez
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 12/28/03

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**Case No. 2000-08847**

ENDORSED
FILED IN MY OFFICE THIS
NOV 2 0 2000

*[signature]*
CLERK DISTRICT COURT

**CITY OF ALBUQUERQUE,**
**a New Mexico municipal corporation,**

    **Plaintiff,**

**vs.**

**COMMUNITY OPTIONS, INC.**
**a New Mexico Non-profit Corporation, and**
**CAREER SERVICES FOR PERSONS WITH DISABILITIES, INC.**
**a New Mexico Non-profit Corporation,**

    **Defendants.**

**FIRST AMENDED**
**<u>VERIFIED COMPLAINT FOR MONEY DUE ON CONTRACT</u>**

Pursuant to SCRA 1-015A, Plaintiff, City of Albuquerque ("City"), by and through its Deputy City Attorney, Edward R. Pearson, amends its Complaint and for its cause of action states that:

1.    Plaintiff, City of Albuquerque ("City") is a municipal corporation, duly incorporated under the laws of the State of New Mexico and situated in Bernalillo County, New Mexico.

2.    Defendant, Community Options, Inc. ("Community Options") is a New Jersey non-profit corporation duly authorized to do business in the State of New Mexico and doing business in Bernalillo County, New Mexico.

3.    Defendant, Career Services For Persons With Disabilities, Inc. ("Career

Services") is a New Mexico non-profit corporation duly incorporated under the laws of the State of New Mexico and doing business in Bernalillo County, New Mexico.

4.    On October 3, 1997, Career Services entered into an Agreement with the City to provide certain social services under the Job Training Partnership Act of 1982 ("JTPA"). A copy of the Agreement is attached to this Complaint as Exhibit A.

5.    Paragraph 15.B. of the Agreement provides that Career Services is liable to the City for JTPA funds not spent in accordance with the terms of the Agreement.

6.    Pursuant to Paragraph 13.G.3. of the Agreement, the City performed an audit of the expenditure of JTPA funds by Career Services under the Agreement and disallowed certain costs that Career Services incurred in the program. As a result of the audit, the City issued a Letter of Final Determination of Disallowed Costs and Administrative Findings.

7.    Career Services appealed the Letter of Final Determination of Disallowed Costs and Administrative Findings to an administrative hearing officer.

8.    As a result of the decision of the administrative hearing officer, on September 27, 1999, the City issued an Amended Letter of Final Determination, which is attached to this Complaint as Exhibit B.

9.    Career Services appealed the decision of the administrative hearing officer to the Secretary ("Secretary") of the Department of Labor of the State of New Mexico.

10.    On December 10, 1999, the Secretary affirmed the decision of the

administrative hearing officer. A copy of the decision of the Secretary is attached to this Complaint as Exhibit C.

11.    On January 14, 2000, pursuant to the decision of the Secretary, the City issued its Letter of Final Determination of Audit Findings, which is attached to this Complaint as Exhibit D.

12.    The Final Determination of Audit Findings established that Career Services is indebted to the City for disallowed costs under the Agreement in the sum of $45,455.

13.    Pursuant to OMB Circular No. A-129 the indebtedness accrues interest from September 27, 1999, the date of the City's Amended Letter of Final Determination,  at the rate of 5.26% per year or $6.55 per day until paid.

14.    Pursuant to Paragraph 15.G. of the Agreement, Career Services is obligated to pay the City all costs and expenses, including reasonable attorney's fees incurred by the City in exercising it remedies in connection with enforcement of the Agreement.

15.    Upon information and belief, Defendant acquired all of the assets of Career Services.

16.    Upon information and belief, Defendant assumed and agreed to pay all of the debts of Career Services, including the debt to the City under the Agreement.

17.    Although demand has been made upon Defendants, Community Options and Career Services for payment of the amount due to the City, Defendants, Community Options and Career Services have failed and refused and

continue to fail and refuse to pay the amount due.

WHEREFORE Plaintiff prays for judgment against Defendants, Community Options and Career Services as follows:

    A.  For $45,455, plus interest pursuant to OMB Circular No. A-129 at the rate of 5.26% per year until paid in full;

    B.  For its costs incurred by the City in this action;

    C.  For reasonable attorney's; and

    D.  For such other relief as the Court deems just and proper.

Respectfully submitted,

CITY OF ALBUQUERQUE
Robert M. White, Esq.
City Attorney

Edward R. Pearson
Deputy City Attorney
P. O. Box 2248
Albuquerque, NM  87103-2248
(505) 768-4500
(505) 768-4525 (fax)

## AFFIDAVIT AND VERIFICATION

STATE OF NEW MEXICO     )
                                ) ss.

COUNTY OF BERNALILLO    )

       Michael Passi, being first duly sworn, upon oath, deposes and says:

       1.     I am employed by the City of Albuquerque in the position of Assistant Director for its Family and Community Services Department.

       2.     I am familiar with the terms and conditions contained in the Agreement, dated October 3, 1997, between the City of Albuquerque and Career Services For Persons With Disabilities to provide certain social services under the Job Training Partnership Act of 1982.

       3.     I am familiar with the terms and conditions contained in the Letter of Final Determination of Disallowed Costs, dated January 14, 2000.

       4.     I am familiar with the terms and conditions contained in the Amended Letter of Final Determination, dated September 27, 1999.

       5.     I have read over, know and understand the contents of the foregoing First Amended Complaint for Money Due on Contract, and the statements therein are true of my own knowledge, information and belief.

FURTHER, AFFIANT SAYETH NOT.

                                     _____

                                     MICHAEL PASSI

       SUBSCRIBED AND SWORN TO BEFORE ME THIS 16th day of October, 2000, by Michael Passi.

                                     _____

                                   NOTARY PUBLIC

My Commission Expires:



OFFICIAL SEAL
Tina L. Romero
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 01-19-2004

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

CITY OF ALBUQUERQUE
LEGAL DEPT

2001 FEB 12 A 9: 16

**No. CV-2000-08847**

CITY OF ALBUQUERQUE,
a New Mexico municipal corporation,

                Plaintiff/Counterclaim Defendant,

-vs-

COMMUNITY OPTIONS, INC.,
a New Mexico Non-profit corporation, and
CAREER SERVICES FOR PERSONS WITH DISABILITIES, INC.,
a New Mexico Non-profit corporation,

                Defendants/Counterclaimants/Third-Party Plaintiffs,

-vs-

GERALD ORTIZ y PINO,

                Third-Party Defendant.

ELIZABETH STANDLEE

---

## ANSWER TO FIRST AMENDED
## VERIFIED COMPLAINT FOR MONEY DUE ON CONTRACT,
## COUNTERCLAIM, and THIRD-PARTY COMPLAINT

    **COME NOW DEFENDANTS** and for their Answer to the First Amended Verified
Complaint for Money Due on Contract would show the Court as follows:

    1.     Defendants admit the allegations contained in Paragraphs 1 through 4 of the First
Amended Complaint, but deny Exhibit A was the agreement in effect by August of 1998.

    2.     Defendants deny the allegations contained in Paragraph 5, but do admit that
Paragraph 15.B. provides certain responsibilities for the contractor including the contractor shall
return money not spent in accordance with the terms of the agreement.



3.      Defendants deny the City performed an audit pursuant to Agreement or took any actions as a result of any audit.  Defendants admit the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

4.      Defendants admit the allegations contained in Paragraphs  7, 8, 9, 10, and 11 of the First Amended Complaint.

5.      Defendants deny the allegations contained in Paragraphs12, 13, 14, 15, and 16 of the First Amended Complaint.

6.      Defendants admit demand has been made by the City, but the Defendants are not obligated to the City.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

7.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

8.      At all times Defendants complied with all the terms of the agreement between the City and CSPD.

### THIRD AFFIRMATIVE DEFENSE

9.       Plaintiff suffered no injury or otherwise from the acts of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

10.      Any damages sustained by the Plaintiff were the result of the Plaintiff's actions or negligence, rather than any negligence on the part of the Defendant, and any judgment in favor of the Plaintiff should be reduced by the degree that the Plaintiff was comparatively at fault.

2

## COUNTERCLAIMS AND THIRD PARTY CLAIM

1.      Defendants/Counterclaimants/Third Party Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 4 of the First Amended Verified Complaint (In order to avoid the cumbersome language caused by the different titles of the parties, we will use the terms CSPD/CO, the City, and Mr. Ortiz y Pino as much as possible.).

2.      All the incidents which give rise to this lawsuit occurred in Bernalillo County. This Court has jurisdiction of the federal claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Mr. Ortiz y Pino was at all relevant times the Director of the City's Department of Family and Community Resources, and is sued in his individual capacity.

3.      CSPD/CO complied with all the terms of the written contract and agreement between it and the City.

4.      Even though CSPD/CO did not violate any of the terms of the agreement, the City of Albuquerque terminated it because of alleged gross mismanagement. CSPD/CO had not violated the terms of the agreement, much less been guilty of gross mismanagement.

5.      As a result of the breach of the agreement, CSPD/CO has suffered damages, including lost revenue from other contracts with the City and contracts with other providers as a result of the negative publicity surrounding the City's illegal termination of the contract.

6.      In sum, the City breached the contract entered into between it and CSPD/CO, and as a result of the breach of that contract, CSPD/CO has suffered damages.

7.      This contract also imposed a duty of good faith and fair dealing in its performance and enforcement.

8.      The City breached the implied covenant of good faith and fair dealing in that its actions were unfair and in bad faith. Those actions injured CSPD/CO's rights to receive the benefit

3

of its contract with the City.

9.      Defendant CSPD/CO began receiving funds from and through the City for job and employment training services under the federal Job Training Partnership Act of 1982 (JTPA). Shortly after receiving these funds, CSPD/CO raised legitimate concerns about the City's spending of these public funds including the conflicts of interest often inherent in the decision to provide funding.

10.     In conversations with the City, correspondence with the City, and at public meetings representatives of CSPD/CO raised and voiced these concerns.

11.     The points raised and the statements made by CSPD/CO angered the City and its representatives, but the City could not take immediate action against CSPD/CO.

12.     In August of 1997, the City realized that some people were determined eligible for job training services who were not eligible. During this time, the City had the final responsibility for determining eligibility.

13.     Upon learning of the problem, the City, through Mr. Ortiz y Pino, on August 10, 1998 suspended all activities under the contract with CSPD/CO. There was no provision under the terms of the contract which allowed for this suspension.

14.     The next day CSPD/CO raised this issue with the City and Mr. Ortiz y Pino through its attorney. His August 11th letter noted the contract did not provide for suspension, and asked them to reconsider the decision. Mr. Ortiz y Pino was angry about the letter.

15.     After receiving the letter on approximately Wednesday, August 12th, however, the City and Mr. Ortiz y Pino did not engage in appropriate, legal action, but rather solely on the basis of receiving a letter from Defendants' attorney, terminated the contract on August 17th on the alleged grounds of gross mismanagement, which under the contract would allow the City and Mr. Ortiz y

4

Pino immediately to terminate the agreement with CSPD/CO.

16.     There was no legitimate basis for terminating the grant on the grounds of gross mismanagement; rather, the sole basis for terminating the contract was in retaliation for the actions taken by CSPD/CO and its representatives, when they voiced matters of public concern, and when CSPD/CO exercised its legal and constitutional rights to obtain legal representation.

17.     The funds received by CSPD/CO (and equipment purchased with those and other sources) were property, and the City and Mr. Ortiz y Pino took that property - through the suspension and termination of the contract and the seizure of equipment - without notice and the opportunity to be heard.

18.     Even though the City shared in any and all responsibility for failing to prevent ineligible persons from receiving job-training services, the City and Mr. Ortiz y Pino took no action against its own grantee City agency or against itself for any negligence or wrongdoing they might have shown in failing to catch the ineligible clients, or to set up appropriate management devices and mechanisms to ensure such errors did not occur.

19.     Mr. Ortiz y Pino admitted that by the very fact that ineligible clients received benefits, the City was also to blame and bore responsibility.  Even though the City may have borne responsibility, it received no sanction or punishment.

20.     Upon information and belief, other for-profit and non-profit agencies funded by the City and Mr. Ortiz y Pino for JTPA and similar social services programs had management systems in place which were not better than those incorporated by CSPD/CO, and often had systems which were not as extensive as those developed and used by CSPD/CO.

21.    Upon information and belief, ineligible clients or participants received benefits in these other programs.

22.    Even though CSPD/CO and other programs were similarly situated, the City has never taken any action against the other agencies or grantees. The actions taken by the City against CSPD/CO were motivated by spite and for reasons wholly unrelated to any legitimate objective.

23.    The City and Mr. Ortiz y Pino intentionally treated CSPD/CO differently from others similarly situated, and there was no rational basis for the difference in treatment.

24.    The actions of Mr. Ortiz y Pino as set out in this pleading reflected and represented the official policy of the City. Mr. Ortiz y Pino had final authority to establish City policy on the awarding, negotiation, interpretation, and termination of JTPA contracts (and other contracts let by his office) as well as all actions to be taken allegedly pursuant to those contracts.

25.    At all relevant times the City had a policy and custom of retaliating against grantees or others who openly criticized the City's handling and awarding of federal JTPA and other funds. This custom was a widespread practice, and the City knew or should have known of its existence. This custom was a direct and proximate cause of CSPD/CO's injuries and damages.

26.    The actions and conduct of the City and Mr. Ortiz y Pino against CSPD/CO as set out in these pleadings were intentional, wilful, wanton, malicious, and done in reckless disregard of Defendants' rights. .

27.    As a result of the actions set out in this counterclaim, CSPD/CO has suffered damages.

6

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

28.     The City's and Mr. Ortiz y Pino's actions as set out in this counterclaim and third-party complaint constitute a breach of contract.

### SECOND CLAIM FOR RELIEF

29.     The City's and Mr. Ortiz y Pino's actions as set out in this counterclaim and third-party complaint constitute a breach of the covenant of good faith and fair dealing.

### THIRD CLAIM FOR RELIEF

30.     The City's and Mr. Ortiz y Pino's actions as set out in this counterclaim and third-party complaint violate the First Amendment to the United States Constitution and Article II, Section 17 of the New Mexico State Constitution.

### FOURTH CLAIM FOR RELIEF

31.     The City's and Mr. Ortiz y Pino's actions as set out in this counterclaim and third-party complaint violate the Equal Protection and Due Process Clauses of the Fourteen Amendment of the United States Constitution and Article II, Section 18 of the New Mexico State Constitution.

**WHEREFORE**, Defendants pray that this Court:

1.     Dismiss Plaintiff's Complaint with prejudice;

2.     Grant judgment against Plaintiff and for Defendants on their counterclaim;

3.     Award Defendants punitive damages in an amount to be determined at trial;

4.     Award Defendants their costs and attorney fees as provided by statute;

5.     Grant Defendants trial by jury; and

6.     Grant Defendants such other relief as it deems just and proper.

7

Respectfully submitted,

**STEVEN GRANBERG ATTORNEY AT LAW, P.A.**

By: _____

**STEVEN GRANBERG**
Attorney for Defendants
    Counterclaimants/Third-Party Plaintiffs
1400 Central, S.E., Suite 3300
Albuquerque, New Mexico 87106-4811
Telephone: (505) 244-3779

I hereby certify that a true and correct copy
of the foregoing pleading was mailed to
opposing counsel this _____ 9th _____ day of
_____, 2001.

_____
Steven Granberg

8